UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PROXYSOFT WORLDWIDE, INC.,
    Plaintiff,
v.

No. 3:17 CV 1262 (WWE)

FLOSSCARE WORLDWIDE, INC.,
ISLAND BROOK LLC, VKRAM
CONSTRUCTION, INC., CHAMKAUR
SINGH and HARJIT SINGH,
    Defendants.

## MEMORANDUM OF DECISION ON SUMMARY JUDGMENT

In this action, plaintiff ProxySoft Worldwide, Inc. has alleged that defendants Flosscare Worldwide, Inc., Island Brook LLC, Vikram Construction, Inc., Chamkaur Singh, Vikram Singh and Harjit Singh are liable for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Lanham Act, the Connecticut Unfair Trade Secrets Act ("CUTSA"), and the Connecticut Unfair Trade Practices Act ("CUTPA"). In Count One, plaintiff alleges that defendants have violated RICO by conspiring to sell stolen or bootleg specialty dental floss to plaintiff's customers, and to employ stolen trade secrets; in Count Two, plaintiff, seeking injunctive relief, alleges that defendants Flosscare and Island Brook have violated the Lanham Act by selling Flosscare products in

1

interstate commerce, which products represent defendants' copying of plaintiff's trade dress; in Count Three, plaintiff alleges that defendants Chamkaur and Harjit Singh committed civil larceny by stealing finished goods, raw materials, proprietary machinery designs and specifications, manufacturing information, files, confidential customer lists, packaging, and other trade secrets; in Count Four, plaintiff alleges that defendants have violated CUTSA by stealing ProxySoft's trade secrets; in Count Five, plaintiff alleges that defendants have violated CUTPA; and in Count Six, plaintiff alleges that defendants have violated New York state unfair competition law.

Defendants have filed a motion for summary judgment on plaintiff's complaint. For the following reasons, the motion for summary judgment will be granted.

### A. BACKGROUND

The parties have submitted statements of undisputed facts, with support exhibits. These materials reflect the following factual background.

Plaintiff is a manufacturer of specialty dental floss products that can be manufactured by a single machine. Brett Thornton is plaintiff's president and chief executive. Plaintiff alleges that the machinery used by

ProxySoft are closely guarded secrets.   Plaintiff asserts that prior technology was covered by now-expired patents obtained by his deceased father, Thomas Thornton, who established his dental floss manufacturing business with Thornton International, Inc., and Home Dental Care, Inc.

    Defendant Chamkaur Singh was an employee of Thornton International from 1999 through 2015.   Thereafter, he worked for ProxySoft unitl his termination.   He asserts that, during his two decades of work manufacturing dental floss products, he became familiar with the customer names and contact information of his employer; that he gained expertise in the construction and operation of machines used to produce the dental floss products; and that he had not been requested to execute a confidentiality agreement.   Brett Thornton asserts that Chamkaur Singh was terminated after he was found to have stolen from plaintiff.

    Plaintiff alleges that that defendants Chamkaur Singh, Harjit Singh, and Vikram Singh conspired to steal plaintiff's proprietary machinery designs, manufacturing techniques and confidential information to produce dental floss products at defendant Island Brook's factory, which products were later sold to plaintiff's customers by Flosscare Worldwide at a commercial space owned by Vikram Construction.   Plaintiff also alleges

that defendants Chamkaur and Harjit Singh conspired to steal finished and unfinished dental floss products, raw materials and chemicals from ProxySoft.

In August 2017, plaintiff commenced the instant action by filing a complaint and an ex-parte application for a temporary restraining order based on defendants' asserted misappropriation of trade secrets. The Court granted the motion on August 1, 2017, but modified the order after oral argument on August 30, 2017, to allow defendants to engage in commercial and other business activities provided that defendants did not disseminate plaintiff's alleged trade secrets to a wider audience.

Prior State Court Litigation: Russo Action

In May 2015, Home Dental Care, Thornton International, and Robert Russo, the executor of the Estate of Thomas Thornton, brought an action (the "Russo Action") in Connecticut Superior Court against Brett Thornton, ProxySoft Worldwide, and ProxySoft Direct, Inc., alleging that Thornton had stolen property from Thornton International; that he had violated CUTPA; and that he had diverted corporate opportunities to his ProxySoft entities away from Thornton International. The complaint in the Russo Action alleged that Brett Thornton had stolen dental floss machines, a coating

4

machine, customer ledgers, delivery records, customer lists, trade secrets, raw materials, finished inventory, and design and operation of machinery.

On April 12, 2016, Judge Heller issued a bench ruling on a motion for temporary injunction, finding that the preponderance of the evidence showed that Brett Thornton, while President of Thornton International, had diverted payments that should have gone to Thornton International to Thornton Oral Care, a company he had formed; and that he had directed Thornton International customers to send their payments to ProxySoft. Judge Heller noted Brett Thornton had formed ProxySoft to compete with Thornton International, had paid himself extra salary from Thornton International funds, and had taken inventory, raw materials, books and records from Thornton International. Judge Heller observed that Brett Thornton was "essentially gutting" Thornton International so that it could not compete with ProxySoft. In an affidavit opposing the motion for an injunction in the Russo Action, Brett Thornton stated that there was "nothing confidential about the customer list" of Thornton International and Home Dental Care.

On October 31, a jury, after considering the evidence, awarded damages on the claims of breach of fiduciary duty, statutory theft and

interference with contracts and business expectancies against Brett Thornton. In accordance with its answers to interrogatories, the jury found that Brett Thornton had intentionally and without authorization taken property that belonged to Thornton International, Inc. and Home Dental Care.

## B. DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

If a nonmoving party has failed to make a sufficient showing on an

essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Defendants argue that summary judgment is appropriate pursuant to the doctrine of collateral estoppel. Defendants maintain that plaintiff has no standing to assert claims based on alleged customer lists, trade secrets or manufacturing processes because a jury has already determined that plaintiff's Principal, Brett Thornton, has no rights to such property.[1]

When determining the preclusive effect of a state court judgment, the court applies the relevant state law. Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996). Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action

---

[1] A corporation can only act through its agents, including employees, officers or principals. See Owens v. Gafken & Barriger Fund, LLC, 2009 WL 3073338, at *12 (S.D.N.Y. Sept. 21, 2009); Harp v. King, 266 Conn. 747, 777 (2003).

7

involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980). Collateral estoppel precludes litigation of an issue that (1) has been fully and fairly litigated, (2) was actually decided; (3) was necessary to the judgment in the first action, and (4) is identical to the issue to be decided in the second action. See Faraday v. Blanchette, 596 F. Supp. 2d 508, 515 (D. Conn. 2009). Connecticut has abandoned the rule of mutuality for application of collateral estoppel. Torres v. City of Waterbury, 249 Conn. 110 (1999). However, fairness is the determining factor in the consideration of whether an issue should be precluded. Faraday, 596 F. Supp. 2d at 515.

Here, collateral estoppel applies. Brett Thornton, who is the principal of the instant plaintiff ProxySoft, had a full opportunity during the Russo Action to litigate before a jury the issue of ownership of the property, including the machines, customer lists and trade secrets. The Russo Action jury found that Brett Thornton was not authorized to take such property. Accordingly, the Court is now estopped from considering the rights of plaintiff ProxySoft—which has acted through its Principal Brett Thornton--as to the same property considered by the jury. See Solar Kinetics Corp. v. Joseph T. Ryerson & Son, Inc., 488 F. Supp. 1237, 1243 (D. Conn. 1980). However, the Court cannot determine as a matter of law whether all of the

property alleged to have been stolen by defendants was considered by the jury in the Russo Action. Plaintiff has alleged that defendants Chamkaur and Harjit Singh conspired to steal finished and unfinished dental floss products, raw materials and chemicals from ProxySoft, which may or may not have been included in the property considered by the jury. Accordingly, the motion for summary judgment will be granted to the extent that the jury's finding considered the same property as that alleged to be stolen in the instant case.

### C.  CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [doc. #60] is GRANTED in part and DENIED in part. The Court finds that collateral estoppel bars relitigation of the rights relevant to the property considered by the jury. However, the Court cannot determine as a matter of law that collateral estoppel applies to all of the property alleged to be stolen in the instant case. The Court will allow the parties 90 days from

this ruling's filing date to conduct discovery, if necessary; dispositive motions on this issue will be due within 120 days from this ruling's filing date.

Dated this 22d day of August, 2018 at Bridgeport, Connecticut.

<pre>
                        /s/Warren W. Eginton
                        WARREN W. EGINTON
                        SENIOR UNITED STATES DISTRICT JUDGE
</pre>